NOT FOR PUBLICATION                                              CASE CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWIN VELASQUEZ PELAEZ, | : |
| Petitioner, | : CIVIL ACTION NO. 08-0600 (JAP) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

Before the Court is *pro se* Petitioner, Edwin Velasquez Pelaez's ("Petitioner") motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Respondent, United States of America ("Government"), opposes the motion.  As permitted by Fed. R. Civ. P. 78, the Court resolves this motion without oral argument.  For the reasons set forth below, the Court denies Petitioner's motion.

**I.  Background**

On April 16, 2006, a drug courier, carrying approximately 2.8 kilograms of heroin, was arrested at Newark International Airport.  After agreeing to assist authorities with their investigation into this matter, the courier set up a meeting with his contact, Petitioner, at a local diner.  On April 17, 2006, Petitioner met with the courier at the diner, whereupon the authorities arrested him.  Subsequent to his arrest, while engaging in plea negotiations and awaiting sentencing, Petitioner spent eight months in the Passaic County Jail.

1

On December 13, 2006, Petitioner pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846.  Petitioner entered his guilty plea pursuant to a plea agreement dated August 10, 2006.

Petitioner's plea agreement contained several favorable stipulations, including "safety valve" eligibility.[1]  Schedule A ¶¶ 4-9, 12.  As a result of these stipulations, Petitioner was not subject to a ten-year mandatory minimum sentence and his base offense level of thirty-two was adjusted downwards to a total offense level of twenty-three.  At this offense level, the United States Sentencing Guidelines ("Guidelines") recommend that an individual be incarcerated between forty-six and fifty-seven months.  On July 30, 2007, Petitioner was sentenced to forty-six months in prison.

---

[1] "Safety valve" eligibility is a reference to 18 U.S.C. § 3553(f)(1)-(5), which permits offenders to be sentenced pursuant to the applicable United States Sentencing Guidelines, without regard for the mandatory minimum sentence proscribed.  In order to be "safety valve" eligible, pursuant to 18 U.S.C. § 3553(f)(1)-(5), the Court must find that:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Petitioner's plea agreement also contained several pertinent waivers. Petitioner waived "the right to file any appeal, any collateral attack, or any other writ or motion, including … a motion under 28 U.S.C. § 2255." Schedule A ¶ 14. Petitioner also agreed not to "seek or argue for any upward or downward departure or any upward or downward adjustment not set forth [in the agreement]." Schedule A ¶ 13.

On February 4, 2008, Petitioner filed the present § 2255 motion. Petitioner argues that his Sixth Amendment rights were violated because he received ineffective assistance. Petitioner alleges his counsel (1) failed "to move the court for (2-level reduction) for deplorable conditions at the Passaic County Jail"[2] and (2) failed "to file a direct appeal despite petitioner's request." Pet'r Br. at 1.

## II. Legal Discussion

### A. The § 2255 Standard

Habeas corpus relief is available to "protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Accordingly, petitioner must establish that such an event has occurred in order to be successful on his claim." *U.S. v. Deluca*, 889 F.2d 503, 506

---

[2] It is unclear at what point in the plea agreement process Petitioner is referring when he claims that counsel failed to move the court for a two level deduction due to the deplorable conditions at the Passaic County Jail. Since the Court may favorably construe a *pro se* pleading, the Court does not construe Petitioner's brief to mean that he wanted counsel to move for a downward departure at the sentencing itself. *See Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999) (explaining that *pro se* pleadings can be read liberally). That argument would be foreclosed by the plea agreement. Instead, the court favorably construes Petitioner's pleading as arguing that his counsel never broached the deplorable conditions departure with the U.S. Attorney's Office during the plea negotiations.

(3d Cir. 1989). A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 permits a prisoner in federal custody to challenge the lawfulness of his sentence. If the sentence (1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack, then the federal prisoner may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

### B. Waivers in Petitioner's Plea Agreement Bar the Present Motion

"[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). *See also Fahy v. Horn*, 516 F.3d 169, 187 (3d Cir. 2008) (holding that the Third Circuit will not review the merits of a defendant's appeal if he knowingly and voluntarily waived his right to appeal, unless the result would work a miscarriage of justice). In determining whether the defendant waives his rights knowingly and voluntarily, "the role of the sentencing judge is critical," since the sentencing judge addresses the defendant personally in order to determine whether he understands the terms of the plea agreement. *Khattak*, 273 F.3d at 563.

The Third Circuit has not set out specific situations where a waiver constitutes a miscarriage of justice, but it has provided some factors which should be considered before relieving the defendant's waiver. *Id.* at 562-63. These factors include "the clarity of the error, its gravity, its character . . . the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (quoting *United States v. Teeter,* 257 F.3d 14, 21 (1st Cir. 2001)).

The Third Circuit has not determined whether its ruling in *Khattak* is equally applicable to a criminal defendant's waiver of the right to collaterally attack a sentence by filing a § 2255 motion. *See United States v. Wilson,* 429 F.3d 455, 461 n. 6 (3d Cir. 2005). It has issued, however, a non-precedential opinion that indicates such waivers are enforceable. *See United States v. Perry*, 142 Fed. Apprx. 610, 612 (3d Cir. 2005) (finding that the district court's denial of a petitioner's motion to collaterally attack his sentence was correct given the petitioner's waiver of the right to pursue such collateral attacks). Moreover, several district courts in the Third Circuit have held that a waiver of a right to collaterally attack a sentence by filing a § 2255 motion is valid and enforceable so long as it passes the *Kattak* test. *See, e.g. Simon v. United States,* No. Civ. 05-5503, 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) (citing other district and circuit court cases upholding such waivers).

   1. **Knowingly and Voluntarily**

Petitioner argues that his wavier should not be upheld because "he did not understand the waiver in question" and he "went along with what was adduced at sentencing, because he was indeed guilty and he wanted the Judge to know he was accepting responsibility;" however, these statements are plainly contradicted by Petitioner's actions. Pet'r Obj. at 2. At Petitioner's sentencing, the Court specifically advised that, in accordance with the plea agreement, Petitioner "waived [his] right to appeal or otherwise challenge [his] conviction." Sent. Tr. 9:5-7. Petitioner confirmed with the Court that he had enough time to discuss the case with his attorney and that all of his questions had been answered. *See id.* 1:12-24.

Furthermore, several documents signed by Petitioner contradict his assertions that he did not understand the waiver provisions of his plea agreement. In the plea agreement itself, Petitioner certified that the plea agreement was translated into his native language, Spanish, and that he fully understood the waiver. Plea Agr. at 5. In his Application to Enter a Plea of Guilty, Petitioner also certified that he read a translated version of the plea agreement and understood its contents. Appl. to Enter a Plea of Guilty at 5. In that same document, Petitioner attests to entering his plea of guilty "freely and voluntarily and of [his] own accord." *Id.* at 7. Thus, the Court finds that Petitioner entered into his plea agreement knowingly and voluntarily.

**2. Miscarriage of Justice**

Petitioner provides no explicit argument for why this Court should find that a miscarriage of justice has occurred. Construing Petitioner's brief liberally, Petitioner appears to argue that a miscarriage of justice occurred when, as a result of ineffective assistance of counsel, Petitioner was subject to an unnecessarily long prison sentence. The Court finds this argument unavailing, as explained more fully below. In light of the fact that Petitioner entered into his plea agreement knowingly and voluntarily, and there has been no miscarriage of justice, the Court finds that Petitioner's present motion is barred by the waivers he signed in his plea agreement.

**C. Petitioner's Ineffective Assistance of Counsel Claim Fails on the Merits**

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court announced the standard for reviewing ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. In order to determine whether counsel's performance was deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, a

6

petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

In evaluating both prongs of an ineffective assistance of counsel claim, the Court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. Thus, in order to fairly evaluate an attorney's performance, every effort must be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Petitioner argues that he received ineffective assistance of counsel, in violation of the Sixth Amendment, due to his counsel's (1) failure "to move the court for (2 level reduction) for deplorable conditions at the Passaic County Jail" and (2) failure "to file a direct appeal despite petitioner's request." Pet'r Br. at 1.

**1. Counsel's Failure to Seek a Two Level Reduction**

A district court may depart from the applicable guideline range only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken

7

into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).  The Supreme Court, in *Koon v. United States*, 518 U.S. 81, 93-96 (1996), described four factors which can be considered in a downward departure decision: (1) forbidden factors; (2) encouraged factors; (3) discouraged factors; and (4) factors that are not mentioned in the Guidelines.  *Id.* at 93-95.  Pretrial confinement conditions fall into the fourth category, a factor not mentioned in the guidelines.  *See, e.g. Isaza v. U.S.,* No. Civ. 06-2687, 2007 WL 2226015, at *3 (D.N.J. August 1, 2007) (noting that "[p]retrial confinement is not a factor listed in the sentencing guidelines").  *Koon* emphasizes that departures in this category will be "highly infrequent."  *Koon*, 518 U.S. at 96 (quoting 1995 U.S.S.G. Ch. 1, pt. A, p. 6).

      While the Third Circuit has not directly addressed whether pretrial confinement conditions may serve as the basis for a downward departure, several district courts have suggested that unusual pretrial confinement conditions may be taken into account by a sentencing court.  Nevertheless, these departures are highly infrequent.  *See Isaza*, *2007 WL 2226015, at *3 (*noting that "[t]he cases in which downward departures have been granted involve long periods of incarceration in deplorable conditions that typically include situations where the inmate was subjected to physical abuse and/or sexual abuse while imprisoned"); *U.S. v. Sutton*, 973 F. Supp. 488, 493 (D.N.J. 1997) (declining to take the "highly infrequent and extraordinary measure of departing downward based on pretrial confinement conditions").  Because these departures are so infrequent, district courts in this circuit have often declined to depart even when the defendants have made strong arguments about the deplorability of their pretrial confinement.  *See Isaza*, 2007 WL 2226015, at *3 (declining to grant a departure where the defendant spent one year in a deplorable Columbian prison)*; United States v. Ogembe,* 41 F.

8

Supp 2d 567 (E.D. Pa. 1999) (declining to depart where the defendant complained that the prison in which he was incarcerated in for three months had no running water, an infestation of rodents, and was overcrowded); *U.S. v. Miranda*, 979 F. Supp. 1040, 1045 (D.N.J. 1997) (declining to depart despite the "troublesome" questions that were raised with respect to whether federal prisoners should have been housed in that facility). Given the infrequency and atypicality of such departures, the Court cannot say that Petitioner's counsel's failure to argue for such a departure fell below the "objective standard of reasonableness" set forth in *Strickland*.

The terms achieved in the plea agreement itself also preclude the Court from finding defense counsel's representation insufficient under the *Strickland* analysis. Defense counsel's plea negotiations led to the Petitioner's "safety valve" eligibility, pursuant to 18 U.S.C. § 3553(f)(1)-(5). Schedule A ¶¶ 4-9,12. Since conspiracy to distribute heroin in violation of 21 U.S.C. § 846 carries a mandatory minimum of ten years, the forty-six month sentence that counsel negotiated could hardly be described as the result of ineffective counsel. Because the Court declines to find counsel's performance deficient, there is no means by which counsel's performance could have prejudiced Petitioner.

### 2. Counsel's Failure to File a Direct Appeal

While plea agreements arise in the context of criminal proceedings, they are nevertheless analyzed under contract law standards. *See U.S. v. Williams*, 510 F.3d. 416, 421-22 (3d Cir. 2007). "Under contract law, plea agreements 'necessarily work both ways. Not only must the government comply with its terms and conditions, but so must the defendant.'" *Id.* at 422 (quoting *United States v. Carrara,* 49 F.3d 105, 107 (3d Cir. 1995)). "A defendant should not be

permitted 'to get the benefits of [his] plea bargain, while evading the costs ... and contract law would not support such a result.'" *Id.* at 422 (quoting *United States v. Bernard,* 373 F.3d 339, 345 (3d Cir. 2004)).

As aforementioned, Petitioner's plea agreement contained a stipulation in which he specifically waived the right to file a § 2255 motion. Schedule A ¶ 14. In light of this stipulation, Petitioner's counsel did not err in declining to file an appeal. Courts will not grant appeals where defendants have knowingly and voluntarily waived their rights to an appeal. Moreover, had defense counsel gone ahead and filed an appeal on Petitioner's behalf, Petitioner would have been in breach of his plea agreement and the Government would no longer be bound by the agreement's terms.[3] In other words, had defense counsel filed an appeal, he would have greatly increased Petitioner's exposure to prison time.

The Court determines that Petitioner's counsel provided effective assistance and acted in an objectively reasonable manner as required by *Strickland*. Counsel acted in Petitioner's best interest and therefore this Court cannot find that Petitioner was prejudiced by any deficient performance. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

## III. Conclusion

For the reasons stated above, the Court finds that Petitioner has failed to state any grounds upon which his motion to vacate, set side or correct his sentence, pursuant to § 2255,

---

[3] The plea agreement contains a clause which permits the government to pursue further charges against Petitioner if the plea agreement does not remain in full effect. Plea Agr. at 1.

can be granted.  Therefore, Petitioner's § 2255 motion is denied.  An appropriate order follows.


                                              /s/ JOEL A. PISANO
                                          United States District Judge


Dated: August 25, 2008